### RICHMOND v. SECOND AVE. R. CO.

(Supreme Court, General Term, First Department. February 16, 1894.)

1. STREET RAILROADS—INJURIES TO PASSENGERS—INSTRUCTIONS.
   Where the court, in response to a request to charge "that it is contributory negligence to step off a moving car incumbered with bundles weighing 50 pounds," replies that "it would have been contributory negligence for the plaintiff to have stepped off that car with bundles which so incumbered him that he could not control his movements as well as he could without the bundles," the instruction given is more favorable than defendant is entitled to.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.
   An objection that plaintiff in an action for personal injuries is not entitled to recover for his diminished earning power during his minority cannot be raised for the first time on appeal.

3. DAMAGES—WHEN NOT EXCESSIVE.
   A verdict for $9,000 for injuries causing the loss of a leg below the knee, where plaintiff was 16 years old at the time, and was earning about $8 a week, and since the accident he had been able to earn very little, is not excessive. Follett, J., dissenting.

Appeal from circuit court, New York county.

Action by Isidor Richmond, by Bessie Richmond, his guardian ad litem, against the Second Avenue Railroad Company, to recover damages for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Affirmed.

For former report, see 19 N. Y. Supp. 597.

Argued before O'BRIEN, P. J., and FOLLETT and PARKER, JJ.

Robert Sewell, for appellant.

Maurice Untermyer, for respondent.

FOLLETT, J. This action was brought to recover damages for personal injuries inflicted while alighting from one of the defendant's cars, caused, as it is alleged, by the negligence of its employes. At the time of the accident, which was about midday on March 28, 1892, the plaintiff, then 16 years of age, was engaged in selling and delivering chair bottoms. A little before noon of the day mentioned, the plaintiff, with two bundles of chair bottoms, united by a strap, by which they were suspended on his shoulder, entered one of defendant's cars at the corner of Forsyth and Grand

streets.   There were 50 chair seats in each bundle, weighing 25
pounds; · 100 seats in all, making the total weight 50 pounds.
Shortly after entering he was directed by the conductor to ride,
with his bundles, on the front platform.   He went forward to the
platform, and rode thereon to Tenth street, where it became nec-
essary for him to change, when he was given a transfer ticket,
and left the car.   When the car came along which the plaintiff
desired to take he attempted to board it by the rear platform, but
was directed by the conductor to go to the front platform, which
he did, carrying his bundles with him.   He took the bundles from
his shoulder, and placed them on the platform in front of the driv-
er, and near the brake rod.   The plaintiff stood on the left side
of the driver, and rode in that position until the car passed Eighty-
First street, when he took his bundles from the platform, and
placed the strap over his left shoulder.   As the car reached the
south cross walk at the intersection of Eighty-Second street and
First avenue, the plaintiff told the driver that he wished to get
off.   His bundles were to be delivered at a hardware store, on the
west side of First avenue between Eighty-Second and Eighty-Third
streets.   The car was stopped on or near the north cross walk of
Eighty-Second street, and the plaintiff attempted to alight from
the left-hand or west side of the car.   His bundles were suspended
on his left shoulder, and he had hold of the rail of the dashboard
with his right hand.   Before the plaintiff reached the street the
driver loosed the brake, and started the horses, which threw the
plaintiff's right leg under the car, where it was crushed so that
amputation just below the knee became necessary.   The forego-
ing is the plaintiff's account of the accident.   Another person,
subpoenaed by both sides, and called by the plaintiff, who was rid-
ing on the platform at the time of the accident, gave the same
account of the transaction, except he did not hear the plaintiff re-
quest the driver to stop, nor did he see the brake applied.   He tes-
tified that the car stopped at or near the south crossing of Eighty-
Second street, but he was not certain that it did at the north cross-
ing.   He said that he saw the boy preparing to leave the car with
his bundles, saw him falling, and heard him cry.   When he found
him his right hand was grasping the dashboard, and his leg had
been crushed.   He said that when he (witness) got off the car it
had stopped, but he could not tell how far the boy had been
dragged.   It was his impression that the car stopped as the boy
was getting ready to alight.   He also testified that the boy's back
was towards the horses when he attempted to leave the car.   This
is substantially all of the evidence in behalf of the plaintiff de-
scriptive of the accident.   The driver of the car, who was sworn
for the defendant, testified that the boy fell backwards from the
car, just as he attempted to place the bundles on his shoulder,
and that the car had not stopped, and that he had not been asked
to stop it.   When he saw the boy fall he applied the brake, and
stopped the car before it had moved more than about three-fourths
of its length.   He then looked for the boy, and found him lying

under the car, with his leg crushed. The conductor of the car testified that he did not direct the plaintiff to ride on the front platform, and that there was plenty of room for him inside the car. He testified that the car was not stopped until after the boy fell. A policeman, who was riding on the front platform at the time of the accident, testified that as the car neared Eighty-First street he saw the plaintiff stooping down to get hold of the bundles so as to get off; that he was then standing with one or both feet on the step of the car; and that he fell or stepped off before the car stopped. This is all of the evidence descriptive of the accident.

There was some conflict in the testimony as to the precise point where the plaintiff fell, whether just below or just above the north cross walk. The court submitted the question to the jury whether the plaintiff attempted to alight with his bundles while the car was in motion, without asking the driver to stop it, and left the questions of the negligence of the defendant's employes and of the contributory negligence of the plaintiff fairly to the jury. Whether the plaintiff fell from the car while putting the bundles on his shoulder, or in attempting to leave it while in motion, or whether his fall was caused by the car being started while he was attempting to leave it, were sharp questions of fact, which turned entirely upon the credibility of the witnesses. There is no inherent improbability in either version of the accident, and we cannot say that the jury erred in believing the plaintiff's version, rather than that of the defendant's witnesses. The verdict being satisfactory to the learned and experienced trial judge, we are of the opinion that this court ought not to set it aside as against the weight of evidence.

Did the court err in its instructions or refusal to instruct the jury in respect to the plaintiff's right to recover? The defendant took no exceptions to the charge as delivered, but at its close the usual number of requests—all that could be thought of—were preferred by the respective counsel. We shall consider only those discussed by the appellant. The court was requested to charge "that it is contributory negligence to step off a moving car backwards." The court replied: "Unless the party so stepping is induced to do so by the negligent conduct of the defendant. With that qualification, I charge the proposition." The defendant excepted to the qualification. We think the instruction was correct, but there is no evidence which would have justified the jury in finding that the plaintiff attempted to alight from the car in that manner. The defendant's driver testified that the plaintiff stood upon one of the steps, and, while attempting to place the bundles upon his shoulder, fell backwards to the street; and we find no evidence in the record that the plaintiff attempted to leave the car by stepping backwards from it to the street. The defendant requested the court to charge "that it is contributory negligence to step off a moving car incumbered with bundles weighing fifty pounds." The court replied: "For me to say that a certain

weight would make it contributory negligence is an expression of opinion on the facts of the case. I say to the jury that it would have been contributory negligence for the plaintiff to have stopped off this car with bundles which so incumbered him that he could not exercise or control his movements as well as he could without the bundles." The defendant's counsel excepted to the modification. We think the instruction was more favorable to the defendant than it was entitled to. A person incumbered with small bundles is not able to control his movements in leaving a car as well as he could without bundles. If this instruction is correct, it would be negligent for a person to leave a car with bundles which incumbered him in the least. The plaintiff testified, and in this he was not contradicted, that the bundles were so adjusted that he had the free use of both hands, and that he held on to the rail of the dashboard with his right hand when leaving the car. Whether it was negligent for the plaintiff to step off a moving car, if it were moving, with his bundles, was a question of fact for the jury, depending upon the rate of speed of the car, and the circumstances under which he attempted to alight. The court was asked by the defendant to charge "that no conduct on the part of the driver in any way excuses the action of the plaintiff," which was declined, and an exception taken. The refusal of the court to charge this proposition needs no defense. To have charged as requested would have been a palpable error. The defendant also requested the court to charge "that all the evidence, even the plaintiff's own testimony, is to the effect that the boy fell off while the bundle was being slung over the plaintiff's shoulder." The court replied: "You have heard the evidence. I do not propose to express an opinion as to it one way or the other." The defendant excepted. The proposition is not true in point of fact, for the plaintiff testified that he did not fall while engaged in putting the bundles on his shoulder. Besides, this was a mere request to charge on the evidence, not on a proposition of law. The defendant requested the court to charge "that, if the jury believed the plaintiff's own witness, Silverthau, they must find for the defendant." The court replied: "If you believe from the evidence of the plaintiff's own witness, Silverthau, that the accident occurred through the negligence of the plaintiff, then I charge you, you must render a verdict for the defendant. But I do not charge you that if you believe what Silverthau said you must necessarily find a verdict for the defendant." To this instruction the defendant excepted. This exception is not tenable. Silverthau's evidence, if believed in every particular, did not establish that the defendant was free from negligence, or that the plaintiff, by his negligence, contributed to the accident. It was not error for the court to refuse to charge "that it is not any part of the duty of the drivers to assist passengers to alight, and that failure so to do is not negligence." This is a mere abstract question, having no relation to the case, for it was not asserted as a ground of negligence that the driver refused to assist the plaintiff to alight. On

the contrary, the plaintiff testified that he did not ask for and did not need assistance. The foregoing are all of the exceptions to the charge relating to the right of recovery which are discussed by the appellant, and we find no errors. The plaintiff testified that before the accident he earned in his business seven or eight dollars a week, but that since he had been able to earn but little. Upon the question of damages the court charged "that the plaintiff was entitled to be compensated for the pain and suffering which he has endured, and for the financial loss which he has sustained." The defendant's counsel took the following exception to that instruction: "I except to all that, except the permanent loss." He now seeks to raise the question that the plaintiff's parents were entitled to recover the damages sustained by reason of his diminished ability to earn money during his minority. We think this question is not raised by an appropriate exception. The exception quoted did not call to the mind of the trial judge the point that the parents of the plaintiff were entitled to recover for the diminished earning power of the boy from the time of the accident until he should arrive at majority, nor was any objection made to the reception of the evidence upon which the instruction was based. There is no evidence in the case that the plaintiff's father is living. It appears, however, incidentally, that his mother is living. She is his guardian ad litem, and the plaintiff in his testimony referred to the fact that he lived with his mother, but whether he had been emancipated or not does not appear, and the question that the plaintiff was not entitled to recover for his diminished earning power during his minority cannot be raised for the first time on appeal.

The verdict, $9,000, is a large one, and the interest upon it at the legal rate produces $540 per year, which is much more than the earning power of the plaintiff, according to his own testimony. How much he might be able to earn in the future had he not been injured cannot be ascertained, and there is no legal presumption that he would have continued to earn as much as he testified he was earning at the time of the accident. Phillips v. Railway Co., 5 C. P. Div. 291. His ability to earn an income or acquire property might be wholly destroyed or diminished by sickness, by accident, or by some of the vicissitudes of life; and his damages should not be assessed upon the theory that he might engage in the future, had he not been injured, in a more lucrative vocation than the one in which he was employed at the time of the accident. Railroad Co. v. Elliott, 149 U. S. 266, 13 Sup. Ct. 837. In a sense, no sum of money is adequate compensation for the loss of a leg, and the suffering incident thereto. Notwithstanding the amount must be limited otherwise, the consequences of the negligence of servants might be ruinous to defendants. I think the verdict is larger than should have been given under the evidence in this case, and that it should be reduced; but, as my associates differ with me on this question, although agreeing on all the others, the judgment must be affirmed, with costs. All concur.